```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

Michel J. Messier,              :
      Plaintiff,             :
                         :
     v.                        :   File No. 2:09-CV-298
                         :
United States Consumer          :
Product Safety Commission,      :
      Defendant.             :

### OPINION AND ORDER
### (Doc. 14)

Plaintiff Michel Messier, proceeding *pro se*, has moved for reconsideration of the Court's Opinion and Order of September 10, 2010, granting the U.S. Consumer Product Safety Commission's ("CPSC") motion to dismiss for lack of subject matter jurisdiction.  For the reasons that follow, the motion for reconsideration is DENIED.

### Legal Standard

Is it well settled that "[t]he standard for granting a motion to reconsider is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "A motion to reconsider should not be granted to relitigate

an issue already decided." *Id.* "'Motions for reconsideration must be narrowly construed and the standard strictly applied to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court, to ensure finality, and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.'" *Lewis v. Rosenfeld*, 145 F. Supp. 2d 341, 343 (S.D.N.Y. 2001) (quoting *Ackoff-Ortega v. Windswept Pac. Entm't Co.*, 130 F. Supp. 2d 440, 443 (S.D.N.Y. 2000)).

## Discussion

The Complaint in this case asks the Court to compel action by the CPSC with respect to lithium ion batteries. Messier claims that lithium iron batteries, commonly used in laptop computers, are unsafe. He wants the Court to compel the CPSC to engage in enforcement activities, including the levying of penalties, against certain companies with regard to their continued use of such batteries.

The CPSC moved to dismiss the Complaint for lack of subject matter jurisdiction. In an Opinion and Order

dated September 10, 2010, the Court granted the motion. Specifically, the Court concluded that Messier had not identified an applicable private right of action, that there was no jurisdiction to order the CPSC to take enforcement action, and that Messier had not identified an injury that would establish his standing to sue the CPSC.

In his motion for reconsideration, Messier offers what he refers to as "indisputable proof" of the CPSC's alleged abdication of its duties.  His motion cites records that he has provided to the CPSC allegedly documenting the dangers of lithium ion batteries, and claims that these records should have been provided to the government by Sony, Dell, and other computer makers.  He further alleges that the CPSC failed to levy fines and penalties, and has failed to compel proper disclosures.  He contends that he has standing to bring suit because he himself was injured by a laptop battery.

These arguments were each presented to the Court in Messier's previous filings.  (Doc. 1 at 1, 3-5.)  The only new aspect is Messier's characterization of his evidence as "indisputable proof," a term used by the Court in its Opinion and Order (Doc. 12 at 10) referencing language

from *Riverkeeper, Inc. v. Collins*, 359 F.3d 156, 158 (2d Cir. 2004). In *Riverkeeper*, the Second Circuit noted that an agency might be viewed as abdicating its responsibilities if a plaintiff could offer "indisputable proof" that the general purpose of a statute was not being met "and nonetheless decided it would do nothing to address the situation."  359 F.3d at 168.  The Court found in its Opinion and Order that, accepting the facts in the Complaint as true, it was clear that the CPSC had not abdicated its statutory responsibilities.  The Court also found that Messier had not cited a private right of action for a suit against the CPSC, and had identified no injury as a result of the CPSC's actions.

Messier's motion for reconsideration essentially argues that the Court was wrong.  He does not cite "controlling decisions or data that the court overlooked," and instead seeks merely to relitigate issues "already decided."  *Shrader v. CSX Transp., Inc.*, 70 F.3d at 257. His exhibits and supplemental filings do offer some new information, such as press articles released after the Court entered its Judgment.  (Docs. 14-2, 14-3, 14-4, 14-5, 16 and 17.)  These items, however, do not impact the

4

jurisdictional issues upon which the Court based its ruling.  The Court therefore concludes that, pursuant to the standard set forth in *Shrader*, reconsideration is not warranted.

## Conclusion

For the reasons set forth above, Messier's motion for reconsideration is DENIED.

Dated at Burlington, in the District of Vermont, this 1st day of March, 2011.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court